**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ISAAC MONTANEZ,

                       Plaintiff,

              - v -                           Civ. No. 1:13-CV-1262
                                                      (GTS/RFT)

CHRISTIAN LUNA, *Kitchen Manager*; SHAWN REED, *GM*;
DAMON NOBLE, *Manager*; and CLINT MALEK,

                       Defendants.
_____

**APPEARANCES:**                            **OF COUNSEL:**

ISAAC MONTANEZ
Plaintiff, *Pro Se*
60 Bradford Street
Albany, New York 12206

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Isaac Montanez. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2, IFP App.

### II. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action IFP, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter IFP.

#### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In bringing this action, Plaintiff combined two separate *pro forma* complaints, typically used for complaints brought pursuant to Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e-5, and pursuant to 42 U.S.C. § 1983. *See generally* Dkt. No. 1. Plaintiff generally claims that certain named Defendants discriminated against him at his place of employment and that the basis for the discrimination, which included derogatory comments and a demotion, was his race. He also asserts that he was treated differently from other employees. Plaintiff names as Defendants certain employees/supervisors who presumably worked with him, although he never identifies whom his employer was. Nevertheless, upon further review, the Court notes that Plaintiff attached to his Complaint a Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC"), which identifies the Cheesecake Factory as the targeted employer.

The Court is mindful of the Second Circuit's instruction to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). And the Court shall employ this liberality in reviewing

the adequacy of Plaintiff's Complaint.

Because Plaintiff has partially utilized the *pro forma* complaint used for maintaining actions through 42 U.S.C. § 1983, the Civil Rights Act, we examine whether such a claim has been properly stated. Through this statute, Congress "establishe[d] a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). It is well-settled that parties may not be held liable under section 1983 unless it can be established that they have acted under the color of state law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted). Critically absent from Plaintiff's pleading is any allegation of a nexus between the named Defendants and the State. Instead, it appears that Plaintiff was employed by a private company and he is attempting to sue private individuals, none of whom have any connection to the State. Thus, regardless of Plaintiff's claims of discrimination, Plaintiff cannot proceed on a theory of liability under 42 U.S.C. § 1983.

As noted above, Plaintiff also partially utilized a *pro forma* complaint used by individuals seeking to sue under Title VII. The Court notes that Title VII precludes certain employment practices that discriminate against employees on the basis of race, color, religion, sex, or national

origin. 42 U.S.C. § 2000e-2(a). However, the Second Circuit has repeatedly stated that individual defendants with supervisory responsibility over a plaintiff are not personally liable under Title VII, even under the agency clause of the statute. *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003); *Hayut v. State Univ. of New York*, 352 F.3d 733, 753-54 (2d Cir. 2003); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314-17 (2d Cir. 1995). Accordingly, to the extent Plaintiff is seeking to remedy some discriminatory practices, he has named the wrong party and has accordingly failed to state a cognizable claim. Prior to outright dismissal, however, Plaintiff should be given an opportunity to amend his Complaint in the event he wishes to pursue his Title VII claim against the proper party, namely his former employer.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that Plaintiff's claims pursuant to 42 U.S.C. § 1983 and Title VII be **dismissed** against all the named Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and that all Defendants be **dismissed** from this action; and it is further

**RECOMMENDED**, that prior to outright dismissing this entire action, Plaintiff be provided an opportunity to amend his Complaint, if he wishes, in order to pursue his Title VII claim against his former employer; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date:   January 14, 2014
        Albany, New York

Randolph F. Treece
U.S. Magistrate Judge