UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ISAAC MONTANEZ,

                       Plaintiff,

v.                                                        1:13-CV-1262
                                                              (GTS/RFT)

CHRISTIAN LUNA, Kitchen Manager;
SHAWN REED, GM; DAMON NOBLE,
Manager; and CLINT MALEK,

                       Defendants.
_____

APPEARANCES:

ISAAC MONTANEZ
  Plaintiff, *Pro Se*
60 Bradford Street
Albany, New York 12206

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* employment civil rights action filed by Isaac Montanez ("Plaintiff") against the four above-captioned individuals ("Defendants"), is United States Magistrate Randolph F. Treece's Report-Recommendation recommending Plaintiff's Complaint be dismissed unless he corrects the pleading defects in the Complaint. (Dkt. No. 4.) Plaintiff has not filed an Objection to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

After carefully considering the matter, the Court can find no clear error in Magistrate Judge Treece's Report-Recommendation. (Dkt. No. 4.)[1] Magistrate Judge Treece employed the

---

[1] When *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee

proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

The Court would add only one brief point. In addition to the pleading defects identified by Magistrate Judge Treece, the Court bases its decision on the following pleading defects: (1) the failure to allege facts plausibly suggesting that he experienced any adverse employment action because of his race and/or national origin; and (2) the failure to allege facts plausibly suggesting that any Defendant treated him differently than similarly situated individuals. As a result, his Complaint must be, and shall be, dismissed unless corrected.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint that cures the pleading defects identified in the Report-Recommendation and this Decision and Order.

Dated: May 20, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.: *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1. (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).